[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, whose maiden name was Rita L. Digliani, and the defendant, were married on June 21, 1969 in Waterbury, Connecticut. The plaintiff resided continuously in this state for at least one year before the date of filing the complaint. The parties had two children issue of the marriage: namely, Thomas B. Maslanka, Jr., who is now 20; and Sherri Maslanka, who is now 18.
On September 21, 1990 the plaintiff and the two children of the parties testified in her behalf, but the defendant who attended the hearing failed to testify or present any evidence. After hearing the testimony of the plaintiff and her witnesses, the court finds that the marriage has broken down irretrievably. The cause of the breakdown was the defendant's CT Page 2817 verbal, mental, and physical abuse of the plaintiff over a period of several years.
The court finds the following additional facts relevant to this action:
Except for the period between 1971 and 1975 when the two children were infants, the plaintiff worked full-time in various jobs. She worked on an assembly line in a factory, as an employee in a school cafeteria, as a receptionist, and as a cashier. She has not completed her high school education, having quit school when she was 16 years old. She is now 40. She is not working at the present time, having been laid off from her most recent job for lack of work. She is collecting unemployment insurance in the amount of $146.00 per week.
The defendant is an electrician at Pratt Whitney Aircraft, having worked with that company since 1965. He earns a base rate of $15.90 per hour plus a $.44 cost-of-living allowance based on a forty hour work week ($653.60). Although overtime pay is not guaranteed, he has been averaging a gross weekly pay of approximately $863.00, with a net pay of $607.00. It is quite apparent that he is capable of earning far more than the plaintiff.
When the plaintiff was working she used her entire salary to pay for the groceries and clothes for herself and her children. If she ran short, she would borrow from the defendant who then required her to pay him back when she received her next pay check. The defendant paid the other household expenses.
The parties own the following assets with their approximate values:
 Marital residence, jointly owned $240,000.00 Jointly owned automobiles 8,000.00 Household furnishings 20,000.00 Joint savings account, Bristol Federal 37,300.00 Stocks and bonds 17,000.00 Cash value defendant's life insurance 6,000.00 Cash value plaintiff's life insurance 5,000.00 Defendant's pension 23,000.00 Defendant's IRA 16,000.00 Plaintiff's IRA 5,700.00 Defendant's Savings Plan 24,000.00 ____________ $402,000.00
Through the efforts of both parties they have managed to accumulate the above assets over the twenty-one years of their CT Page 2818 marriage.
The court, having heard the evidence and studying the financial affidavits of the parties, has taken into consideration all the provisions of Sections 46b-81 and 46b-82 of the Connecticut General Statutes. Specifically, it has taken into consideration the length of the marriage, the cause of the breakdown, the vocational skills of the parties, and the relative opportunity of each for future acquisition of income and other assets. The court believes that the plaintiff is entitled to approximately 65% of the assets and that the defendant is entitled to 35% of the assets. In addition, the court believes that the defendant should pay alimony to the plaintiff, and that he should maintain the plaintiff and children on his health insurance as available through his place of employment for the maximum period of time as allowed by his insurance policy.
Accordingly, the court dissolves the marriage on the ground of irretrievable breakdown.
The plaintiff shall have exclusive title and possession to the premises located at 63 Stage Coach Lane in the Town of Burlington, Connecticut, and the defendant shall execute a quit-claim deed of his interest in the property to the plaintiff. In consideration for said transfer, the plaintiff shall pay to the defendant the sum of sixty thousand ($60,000.00) dollars upon the happening of the first of the following events:
1. The premises are sold; or
2. the plaintiff remarries or cohabits with an adult male; or
3. the premises are no long used as the principal residence of the plaintiff; or
4. March 26, 1997.
The plaintiff shall secure said sum by executing a promissory note and mortgage in the amount of sixty thousand ($60,000.00) dollars to be paid within six (6) months after the happening of any of the foregoing events. Failure to pay within six months will result in interest accruing at the rate of 9% simple interest per annum, as of the occurrence of the triggering event. Plaintiff shall be responsible for the taxes and all other expenses in connection with said real estate.
The plaintiff shall be entitled to the following additional CT Page 2819 assets:
 The 1987 Ford Thunderbird. The houshold furnishings. The balance of approximately $37,300.00 in the Bristol Savings account. The cash value of her life insurance policy. The amount held in her IRA. $12,000.00 from the defendant's Savings Plan. The husband shall be entitled to the following
assets: The 1989 Ford Bronco. The jointly-owned stocks and bonds. The cash value of his life insurance. The value of h is pension. The amount held in his IRA. The remaining sums in his Savings Plan (after transferring $12,000.00 to the plaintiff).
Each party will sign whatever documents are necessary to effectuate the above orders.
The defendant shall pay periodic alimony to the plaintiff in the amount of $150.00 per week for a period of five years. Thereafter, the periodic alimony shall be reduced to $75.00 per week for a period of an additional five years.
The defendant shall maintain the plaintiff and children as beneficiaries of all medical and dental insurance as available through his employer for the maximum period of time allowed by his insurance policy. The defendant shall provide the plaintiff with verification and/or explanation of insurance company benefits concerning all insurance claims for the children.
The defendant shall be responsible for the VISA charge card debt listed on both financial affidavits, and the real estate taxes listed on his financial affidavit. Each party will be responsible for all other debts listed on his/her financial affidavit and hold the other harmless in regard thereto.
The defendant shall pay to the plaintiff the sum of $2,000.00 toward her counsel fees.
The plaintiff has requested that the defendant pay to her the sum of $8,104.89 which represents funds spent by the defendant in violation of a pendente lite order. The court finds that the defendant spent this amount on household and CT Page 2820 other bills for the family, and therefore will not grant the plaintiff's request.
The plaintiff's maiden name may be restored so that she will now be known as Rita L. Digliani.
FRANCES ALLEN SENIOR JUDGE